UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Jose T. Meza

   v.                                               Civil No. 11-cv-483-JD

Mark Schaaf


**REPORT AND RECOMMENDATION**

Jose Meza has filed a complaint (doc. no. 1), pursuant to 42 U.S.C. § 1983. Because Meza is a prisoner, the matter is before the court for preliminary review to determine, among other things, whether the complaint states any claim upon which relief might be granted. See 28 U.S.C. § 1915A(a); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).

**Standard of Review**

Under LR 4.3(d)(2), when an incarcerated plaintiff commences an action pro se, the magistrate judge conducts a preliminary review. The magistrate judge may issue a report and recommendation after the initial review, recommending that the complaint be dismissed, if the court lacks subject matter jurisdiction, the defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be

granted, the allegation of poverty is untrue, or the action is frivolous or malicious. See LR 4.3(d)(2) (citing 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(b)(1)). In conducting a preliminary review, the magistrate judge construes pro se pleadings liberally, to avoid inappropriately stringent rules and unnecessary dismissals. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

To determine if the complaint states any claim upon which relief could be granted, the court applies a standard analogous to that used in reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6). The court decides whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009).

To make this determination, the court employs a two-pronged approach. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). The court first screens the complaint for statements that "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Ocasio-Hernández, 640 F.3d at 12 (citations, internal quotation marks and alterations omitted). The second part of the test requires the court to treat as true all non-conclusory factual allegations, even if "seemingly incredible," and to consider

those allegations along with all reasonable inferences drawn therefrom, construed in plaintiff's favor, in determining if the claim is plausible.  Id.  The plausibility requirement "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of illegal conduct.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).  The "make-or-break standard" is that those allegations and inferences, taken as true, "must state a plausible, not a merely conceivable, case for relief."  Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010); see Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (internal citations and footnote omitted)).

Evaluating the plausibility of a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 129 S. Ct. at 1950 (citation omitted).  In doing so, the court may not disregard properly pleaded factual allegations or "attempt to forecast a plaintiff's likelihood of success on the merits." Ocasio-Hernández, 640 F.3d at 13.  "The relevant inquiry focuses on the reasonableness of the inference of liability that the

plaintiff is asking the court to draw from the facts alleged in the complaint." Id.

**Background**

On November 11, 2004, Meza was arrested and detained at the Nashua Police station. While Meza was so detained, Detective Mark Schaaf asked Meza to sign a "Consent to Search" form allowing Schaaf to search Meza's car. Meza refused. Meza alleges that Schaaf then said "I don't really care," and signed Meza's name on the form himself.

Schaaf searched the car without Meza's consent and seized evidence to be used against Meza in a criminal prosecution. Meza asserts that the search and seizure of evidence was also improperly conducted because Schaaf did not provide Meza with an inventory of what was seized. Meza alleges that he was charged criminally as a result of the search of his car and seizure of items therein. Meza entered a guilty plea and was sentenced to twelve years in prison.

**Discussion**

I.  Section 1983

A government official may be held personally liable under 42 U.S.C. § 1983 if, acting under color of state law, the

official caused the deprivation of a federal constitutional or statutory right.  Section 1983 states, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Id.; see also Haywood v. Drown, 556 U.S. 729, ___ & n.1, 129 S. Ct. 2108, 2111 & n.1 (2009); Sanchez v. Pereira-Castillo, 590 F.3d 31, 40-41 (1st Cir. 2009) ("Section 1983 requires three elements for liability: deprivation of a right, a causal connection between the actor and the deprivation, and state action.").

This action arises under § 1983.  Meza alleges that Schaaf, acting under color of state law[1]:

1.  violated Meza's Fourth Amendment rights by searching Meza's car without authorization and improperly seizing items therein; and

---

[1] The claims, as identified here, will be considered to be the claims raised in Meza's complaint for all purposes.  If Meza disagrees with the claims as identified, he must do so by properly objecting to this report and recommendation or moving to amend his complaint.

2. violated Meza's Fourteenth Amendment due process rights by utilizing the improperly obtained evidence to prosecute Meza.

II. Statute of Limitations

Section 1983 does not include a limitations period, but instead borrows the relevant limitations period applied in personal injury cases in the state where the claim arose. See Gorelik v. Costin, 605 F.3d 118, 121 (1st Cir. 2010). In New Hampshire, that period is three years. Id.; see also N.H. Rev. Stat. Ann. § 508:4. "It is federal law, however, that determines when the statute of limitations begins to run." Gorelik, 605 F.3d at 121; see also Wallace v. Kato, 549 U.S. 384, 388 (2007) ("the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law").

"Section 1983 claims generally accrue when the plaintiff knows, or has reason to know of the injury on which the action is based, and a plaintiff is deemed to know or have reason to know at the time of the act itself and not at the point that the harmful consequences are felt." Gorelik, 605 F.3d at 122. "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause

of action accrues even though the full extent of the injury is not then known or predictable." Wallace, 549 U.S. at 391.

A section 1983 action predicated on an unreasonable search and seizure generally accrues on the date the search and seizure occurred. See Medina v. Toledo, 718 F. Supp. 2d 194, 204 (D.P.R. 2010) (section 1983 claims stemming from illegal searches and seizures began to accrue at the time of the illegal searches, as those searches constituted the injury or wrongful act), aff'd, No. 10-1897, 2012 WL 118575, *1 (1st Cir. Jan. 17, 2012); Solis-Alarcon v. United States, 432 F. Supp. 2d 236, 243 (D.P.R. 2006) (search conducted of home without authorization accrued on date of search); cf., Nieves v. McSweeney, 241 F.3d 46, 52 (1st Cir. 2001) (section 1983 claims arising out of arrest and seizure are presumed to accrue at time actions occur where plaintiff has "ample reason to know of the injury then and there").

Following the general rule of accrual and applying it to this § 1983 action, the court finds that Meza's claims, alleging injury arising out of the unauthorized search of his car and seizure of items therein, accrued on the date of the search, November 11, 2004. The three-year period during which Meza could have timely filed this action, therefore, expired on or about November 11, 2007, almost four years before this action

7

was filed on October 14, 2011.  Accordingly, this action is untimely, and the claims should be dismissed.

## Conclusion

For the foregoing reasons, the court recommends that the complaint in this matter (doc. no. 1) be dismissed as time-barred.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

March 21, 2012

cc:  Jose T. Meza, pro se

LBM:jba