UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Jose T. Meza</u>

   v.                                            Civil No. 11-cv-483-JD

<u>Mark Schaaf</u>

**REPORT AND RECOMMENDATION**

Before the court is a motion to amend the complaint (doc. no. 7) filed by pro se plaintiff, Jose Meza. This court previously issued a report and recommendation following a preliminary review of Meza's original complaint (doc. no. 1), recommending that this action be dismissed as untimely filed. <u>See</u> Report and Recommendation (Mar. 21, 2012) (doc. no. 6).

**Background**

In his initial complaint, Meza claimed that his rights were violated when Nashua Police Officer Mark Schaaf forged his signature on a "consent to search" form and searched Meza's car for evidence on November 11, 2004. In the motion to amend his complaint (doc. no. 7), Meza seeks to add a § 1983 claim against Nashua Police Officer Machael Carignan, whom Meza alleges was present when Schaaf forged Meza's signature, as well as a conspiracy claim against both Carignan and Schaaf regarding the

incident from which Meza's complaint arises.  In the motion to amend (doc. no. 7), Meza also claims that Schaaf and Carignan are liable under federal criminal law for forgery.

## Discussion

I.  Motions to Amend

Fed. R. Civ. P. 15(a) allows a pleading to be amended once as a matter of course within twenty-one days after service of the pleading or, if the pleading requires a response, within twenty-one days after service of a responsive pleading.  See Fed. R. Civ. P. 15(a)(1).  In other circumstances, a party may amend its pleading with the court's leave, which the court "should freely give [] when justice so requires."  See Fed. R. Civ. P. 15(a)(2).

The court has discretion to deny a motion to amend "'for any adequate reason apparent from the record.'"  See Todisco v. Verizon Commc'ns, Inc., 497 F.3d 95, 98 (1st Cir. 2007) (quoting Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994)).  "Futility of the amendment constitutes an adequate reason to deny the motion to amend."  Todisco, 497 F.3d at 98 (citing Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006)).  In evaluating whether a proposed amendment to the complaint is futile, the court applies the standard

which applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6). See Adorno, 443 F.3d at 126. Accordingly, this court will "take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief," while "isolat[ing] and ignor[ing] statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citing Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 7 (1st Cir. 2011)); see also Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

II.  Claims Time-Barred

In his motion to amend (doc. no. 8), Meza seeks to add a defendant and additional claims to his complaint that arise out of the same November 11, 2004, incident that formed the basis of the claims asserted in Meza's initial complaint. Meza's motion fails to address the timeliness of this action, and fails to include any fact which would allow the court to infer that there is any reason to deem this matter timely filed. Accordingly, nothing in the motion to amend (doc. no. 7) has any bearing on this court's previous recommendation that the complaint be

dismissed as time-barred, and the motion to amend should be denied as futile.

III. Criminal Liability

To the extent Meza intends to assert a claim based on defendants' allegedly criminal actions, such a claim is not cognizable in a section 1983 action, as there is no federal constitutional right to have a third party prosecuted criminally. See Leeke v. Timmerman, 454 U.S. 83, 87 (1981); Nieves-Ramos v. Gonzalez-De-Rodriguez, 737 F. Supp. 727, 728 (D.P.R. 1990) (citing Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or non prosecution of another")). Accordingly, even if this action were not time-barred, the court would recommend that any claim based on defendants' alleged criminal wrongdoing be dismissed.

**Conclusion**

For the foregoing reasons, the court recommends that the motion to amend (doc. no. 7) be denied. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to

appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

April 16, 2012

cc: Jose T. Meza, pro se

LBM:jba