UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Jose T. Meza</u>

   v.                                               Civil No. 11-cv-483-JD

<u>Mark Schaaf</u>

### REPORT AND RECOMMENDATION

    Meza has filed a "Motion for Reconsideration" (doc. no. 10), asking for reconsideration of two matters: the March 21, 2012, report and recommendation (doc. no. 6), recommending dismissal of his complaint as untimely; and the April 16, 2012, report and recommendation (doc. no. 8), recommending that plaintiff's motion to amend (doc. no. 7) be denied for failing to address the timeliness issue. In the instant motion (doc. no. 10), Meza argues, for the first time, that the statute of limitations should be equitably tolled to allow the action to proceed.

### Discussion

I.  <u>Motions to Reconsider</u>

    Under this court's local rules, a motion to reconsider must demonstrate that the challenged order (or, in this case, report and recommendation) was "based on a manifest error of fact or

law."  See United States District Court District of New Hampshire Local Rule ("LR") 7.2(e).  Meza's motion does not so argue.  Instead, Meza asserts new facts which it asks the court to consider in evaluating the timeliness of his complaint.  As such, the court finds that the motion is properly construed as a motion to amend the complaint.

II.  Motions to Amend

The court has discretion to deny a motion to amend a pleading "for any adequate reason apparent from the record," including the futility of the amendment.  See Todisco v. Verizon Commc'ns, Inc., 497 F.3d 95, 98 (1st Cir. 2007) (internal quotation marks and citations omitted).  In evaluating the instant motion, the court applies the same standard as it did in considering Meza's first motion to amend (doc. no. 7).  That standard is set forth in the April 16 report and recommendation (doc. no. 8) and need not be reiterated here.

III. Equitable Tolling

Meza contends that the three-year statutory limitations period applicable to his claims should be equitably tolled because, as an immigrant who, prior to the underlying incident, had "never had any problems with the law," he was unaware that

he had legal recourse to address the injury alleged in this case.  Meza did not know of the availability of such a lawsuit until July 2010.

The First Circuit has not decided whether equitable tolling for actions brought pursuant to 42 U.S.C. § 1983 is governed by state or federal doctrines.  See Vistamar, Inc. v. Fagundo-Fagundo, 430 F.3d 66, 72 (1st Cir. 2005).  Under federal law, to obtain equitable tolling of a limitations period, a plaintiff must demonstrate "excusable ignorance of the statute of limitations caused by some misconduct of the defendant."  Id. (internal quotation marks and citation omitted).  Under state law, "equitable tolling applies if the prospective plaintiff 'did not have, and could not have had with due diligence, the information essential to bringing suit.'"  Schomaker v. United States, No. 07-CV-164-PB, 2008 WL 2065918, *4 (D.N.H. May 13, 2008) (quoting Portsmouth Country Club v. Town of Greenland, 152 N.H. 617, 624, 883 A.2d 298, 304 (2005)).

Equitable tolling is the exception, not the rule, and is applied only in exceptional circumstances.  See Vistamar, 430 F.3d at 71.  "Ignorance of the law alone, even for incarcerated pro se prisoners, does not excuse an untimely filing." Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir. 2002) (discussing

equitable tolling of limitations period in habeas context). "Once a plaintiff knows of the injury and its probable cause, he/she bears the responsibility of inquiring [in] the . . . legal communit[y] about whether he/she was wronged and should take legal action." Gonzalez v. United States, 284 F.3d 281, 289 (1st Cir. 2002).

Meza knew all of the relevant facts that formed the basis of his claim in 2004, when the injury allegedly occurred. While Meza alleges that he did not know he could file a suit in 2004, he alleges neither that he took any action to determine the availability of legal recourse for his injury at the time it occurred, nor that any other person interfered with his ability to do so, or otherwise inhibited his ability to file suit within the statutory period. Meza fails, therefore, to state any basis under federal law or state law to toll the statute of limitations in this case.

## Conclusion

The court recommends that the instant motion (doc. no. 10) be redocketed as a motion to amend the complaint, that the motion (doc. no. 10) be denied, and that the case be dismissed as untimely. Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.

See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

                                                    _____
                                                    Landya McCafferty
                                                    United States Magistrate Judge

June 11, 2012

cc:  Jose T. Meza, pro se